Filed 7/31/25  Calhoon v. McKeon CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ERNEST CALHOON, | |
| Plaintiff and Appellant, | G062408 |
| v. | (Super. Ct. No. 30-2020-01166729) |
| MERRITT MCKEON et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, James L. Crandall, Judge and Geoffrey T. Glass, Judge (Retired Judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.). Affirmed.

Ernest Calhoon for Plaintiff and Appellant.

Merritt McKeon for Defendants and Respondents.

In June 2017, Ernest Calhoon sued defendants Merritt McKeon and Eric John Turkel (collectively, defendants) for legal malpractice and related claims. In September 2022, the trial court granted defendants' summary judgment motion. Calhoon appeals the ruling and resulting judgment on several grounds. We find no merit in any of Calhoon's arguments and affirm.

FACTS

In June 2017, Calhoon filed a complaint against defendants in the Superior Court of Los Angeles alleging negligence and professional malpractice.[1] Subsequently, on a motion filed by defendants, the matter was transferred to the Superior Court of Orange County. In May 2022, defendants filed a motion for summary judgment. The motion was set for hearing on August 25, 2022.

On August 17, 2022—eight days before the summary judgment motion was set to be heard and six days after the opposition to the motion

---

[1] The malpractice was alleged to have occurred in connection with defendants' representation of Denise Thomas and her minor child, LGT, in a family law matter. Calhoon, who previously had represented Thomas and the child in the family law matter, allegedly filed this appeal on his own behalf as well as on behalf of Thomas and the minor child. Thomas later informed this court she was unaware an appeal had been filed on her behalf, and pursuant to her stipulation, she was dismissed from the appeal. The minor child also was dismissed, as the appeal was brought in her own name and a minor cannot appeal in his or her own name. (Code of Civ. Proc., § 372, subd. (a)(1).) Calhoon, who alleges he had standing to sue defendants in connection with their representation of Thomas and the minor child because he paid for the representation, remains the only appellant.

should have been filed[2]—Calhoon made an ex parte request to continue the hearing on the summary judgment motion based on allegedly outstanding discovery matters. The request was denied.

On August 22, 2022—three days before the hearing on defendants' motion for summary judgment—Calhoon filed a 173-page responsive separate statement, another request to continue the hearing on the motion (almost identical to the first request, which already had been denied), a notice of intent to take oral testimony and introduce documentary evidence at the August 25, 2022 hearing, and his own declaration.[3] The following day, Calhoon filed yet another request to continue the hearing on the motion for summary judgment.

On August 24, 2022—one day before the scheduled hearing on the summary judgment motion—Calhoon filed a statement of disqualification under Code of Civil Procedure section 170.1,[4] seeking to disqualify the trial judge for cause. Calhoon also filed a request on behalf of coplaintiff Denise Thomas for a court reporter to be present at the summary judgment hearing scheduled for the following day.

Because the trial court could not hear the summary judgment motion until the disqualification issue was addressed, the court continued the hearing to September 1, 2022.

---

[2] Under the statute in effect in 2022, oppositions to summary judgment motions were due 14 days before the hearing. (former § 437c, subd. (b)(2); see Stats. 2016, ch. 86, § 22.)

[3] Calhoon did not file a memorandum of points and authorities in opposition to the motion for summary judgment.

[4] All further statutory references are to the Code of Civil Procedure.

3

On August 31, 2022—one day before the continued hearing date, Calhoon filed a second section 170.1 statement of disqualification for cause. On September 1, 2022, the trial court ordered both statements of disqualification stricken pursuant to section 170.4, subdivision (b) on the ground they were "based on hearsay statements and conclusory assertions, matters irrelevant to the current case, [and] provide no admissible evidence setting forth any grounds for disqualification."

The same day, the trial court heard and granted defendants' motion for summary judgment. Calhoon appeals the judgment entered thereon.[5]

## DISCUSSION

Calhoon does not challenge the substance of the trial court's ruling on defendants' summary judgment motion.[6] Instead, he raises

_____

[5] Defendants argue Calhoon's appeal was not timely filed because Calhoon's motions for new trial and for reconsideration were untimely and did not extend the time in which to appeal. The record, which does not contain the trial court's ruling on either motion, does not provide sufficient information for us to determine that issue. The record includes a notice of ruling purporting to summarize the court's rulings, but such a notice of ruling is not evidence of those rulings. (*Shpiller v. Harry C's Redlands* (1993) 13 Cal.App.4th 1177, 1179 ["A notice of ruling is not an order; an order is a document which contains a direction by the court that a party take or refrain from action, or that certain relief is granted or not granted [citations] and which is either entered in the court's permanent minutes or signed by the judge and stamped 'filed'"].)

[6] Because Calhoon did not challenge the substance of the trial court's ruling on the motion for summary judgment, he has forfeited any objection thereto. (*Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [issue not raised on appeal deemed waived]; *Swain v. LaserAway Medical Group, Inc.* (2020) 57 Cal.App.5th 59, 72 ["'"'Issues not raised in an appellant's brief are [forfeited] or abandoned"'"'"].)

4

procedural challenges. He argues the court did not have authority to hear the summary judgment motion because: (1) the court did not properly respond to his section 170.1 statements of disqualification; and (2) his second motion to transfer venue—filed on the morning of the summary judgment hearing—stayed all proceedings. He also argues the court should have provided a court reporter for the hearing and allowed him to make oral objections to the evidence at the hearing. None of his arguments have merit.

I.

THE TRIAL COURT HAD AUTHORITY TO DECIDE

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

A. *The Trial Court Timely and Properly Struck Calhoon's Section 170.1 Challenges*

Calhoon argues the trial court was without authority to decide the summary judgment motion because it did not respond to Calhoon's challenges under 170.1 within 10 days as required by section 170.3, subdivision (c)(3). This claim is disproven by the record. The challenges were filed on August 24, 2022 and August 31, 2022, respectively. The court struck both challenges on September 1, 2022 —eight days after the first challenge and one day after the second. The court's response was made within ten days and was timely.

Calhoon also argues the challenged judicial officer acted improperly by personally striking the disqualification challenges. He asserts a 170.1 challenge must be decided by someone other than the challenged judicial officer. However, "if [a 170.1] statement is untimely filed or facially discloses no legal grounds for disqualification, the judge against whom it is filed may strike it. This authority to strike the statement of disqualification derives from section 170.4, subdivisions (d) and (b). Section 170.4, subdivision

5

(d) provides a judge against whom such a statement has been filed, has no power to act '[e]xcept as provided in this section.' (Italics added.) Section 170.4, subdivision (b) states '[n]otwithstanding paragraph (5) of subdivision (c) of [s]ection 170.3, if a statement of disqualification is untimely filed or if on its face it discloses no legal grounds for disqualification, the trial judge against who[m] it was filed may order it stricken.' Thus, the authority to strike a declaration exists 'notwithstanding' section 170.3 subdivision (c)(5) which precludes judges from ruling on their own disqualifications. [¶] [A] challenged judge has the power to order a statement of disqualification stricken as legally insufficient as long as such discretion is exercised within the 10-day time limit imposed by section 170.3, subdivision (c). This time limit is the *only* restraint on the power retained by a judge to strike a statement of disqualification pursuant to the guidelines of section 170.4, subdivision (b)." (*PBA, L.L.C. v. KPOD, Ltd.* (2003) 112 Cal.App.4th 965, 972, fns. omitted.) The challenged judicial officer had the power to strike Calhoon's challenges.

*B. Calhoon's Motion to Transfer Venue Did Not Deprive the Trial Court of the Authority to Decide the Summary Judgment Motion.*

Calhoon argues the trial court lost jurisdiction to consider defendants' summary judgment motion when, an hour before the hearing on the motion, he filed a second motion to transfer venue. Calhoon has confused his motion to transfer venue, which he made under section 397, subdivision (b), with a motion to transfer venue made under section 396b, subdivision (a). A motion to transfer venue under section 396b, subdivision (a) is made on the ground the case was filed in the wrong county. Such a motion does indeed stay the action until the issue of proper venue has been resolved. (*Thompson v. Thames* (1997) 57 Cal.App.4th 1296, 1303–1304; § 396b) That is because

6

the defendant "is entitled to have [substantive] matters heard before the court of the county of his residence." (*City of Oakland v. Darbee* (1951) 102 Cal.App.2d 493, 503.) But the same reasoning does not apply to motions, such as Calhoon's, made under section 397, subdivision (b), which do not argue improper venue but are made on the ground the party cannot receive an impartial trial due to judicial bias. (*Ibid.* [the reason for suspension of the court's power when a motion to transfer argues the case has been brought in the wrong venue does not apply to motions to transfer based on other grounds].)

Because Calhoon's motion did not assert the venue was improper, it did not stay the proceedings. (See *Moore v. Powell* (1977) 70 Cal.App.3d 583, 587, fn.3)

## II.

### THE ABSENCE OF A COURT REPORTER WAS NOT REVERSIBLE ERROR

Calhoon also argues the trial court's ruling on the summary judgment motion should be reversed because the court did not provide a reporter for the hearing or permit Calhoon to make oral objections to the evidence submitted in support of the summary judgment motion. This argument fails for several reasons.

First, pursuant to California Rules of Court, rule 2.956(c), a court must provide an official reporter for a civil trial or hearing at the request of a party who has been granted a fee waiver.[7] (Cal. Rules of Court, rule 2.956(c)(2).) The request should be filed 10 calendar days before the relevant proceeding. (*Id.* at rule 2956(c)(2)(B).) The record on appeal does not show

---

[7] The trial court is not required to provide a reporter if the hearing or trial is being electronically recorded. (Cal. Rules of Court, rule 2.956(c)(2).)

7

Calhoon was ever granted a fee waiver and, without such a waiver, the trial court was not required to provide a court reporter at his request.

Second, even if Calhoon had received a fee waiver, he was not entitled to a reporter because he never requested one. The only request for a reporter was made by Denise Thomas who, as explained above, is not an appellant in this matter. In any event, Thomas's request was untimely, as it was not made 10 days before the hearing but rather was made one day before the original scheduled hearing date of August 25, 2022 and eight days before the continued hearing date of September 1, 2022.

Third, Calhoon argues the trial court's ruling on the summary judgment motion should be reversed because he was not allowed to make oral objections to the evidence. California Rules of Court, rule 3.1352 allows a party who wishes to make objections to evidence submitted in support of summary judgment to either submit those objections in writing under California Rules of Court, rule 3.1354 or "make arrangements for a court reporter to be present at the hearing." Because Calhoon failed to arrange for a court reporter to be present at the hearing, he had no right to make oral objections at the hearing.

Finally, even if Calhoon were entitled to a court reporter and had requested one, he fails to argue (much less demonstrate) any prejudice resulting from the absence of a reporter. "Even when error is demonstrated, the judgment will not be reversed unless it is 'reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.'" (*Ribakoff v. City of Long Beach* (2018) 27 Cal.App.5th 150, 162; see Cal. Const., art. VI, § 13.) Although Calhoon asserts defendants would have been left with little or no evidence in support of their motion for summary judgment if he had been allowed to make oral objections, he does

not identify what evidence he would have objected to or on what grounds. "[A]n appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record." (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.)

DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.[8]

GOODING, J.

WE CONCUR:

MOTOIKE, ACTING P. J.

SCOTT, J.

---

[8] Calhoon's four requests for evidentiary hearing, filed in this court on February 23 and 27, 2024, are denied as moot. Respondents' Motion to Declare Ernest Calhoon a Vexatious Litigant under Code of Civil Procedure § 391, to Appoint a New Guardian ad Litem for Minor Child LGT, to Refer Calhoon for Investigation by the State Bar, and to Dismiss the Appeal as Untimely, filed February 24, 2024, is denied as moot. Respondents' request that Calhoon's June 25, 2024 request for an extension be stricken from the record, is denied as unnecessary.